Case number 22-34, United States of America v. William Calloway appellants, Ms. Mehta for the appellants, Mr. Hobell for the appellate. Ms. Mehta, good morning. Good morning. Erica Hashimoto from the Georgetown Law Center's Litigation Clinic. With the court's permission, Sophie Mehta, a third-year law student at Georgetown, will present our argument. Okay, thank you. Ms. Mehta, good morning. Good morning. Good morning. Good morning, and may it please the court. The district court committed two errors at trial, and I will address the issues in reverse order of how they appeared in the briefs. First, the district court abused its discretion in admitting evidence of Mr. Calloway's prior conviction under Rule 404B. Second, it also erred in restricting defense counsel from cross-examining a key government witness about the very issues the government raised on direct examination. These two errors were harmful, and this court should reverse and remand warning trial. First, although the government contends that the evidence in this case can support both actual and constructive possession, the evidence that it introduced belies this notion, as it can only support actual possession. And the government's response has no answer to the question of when Mr. Calloway could have been in constructive possession of the firearm at a time when he was not allegedly in actual possession of it. As the Supreme Court has noted, constructive possession is established when a person lacks physical custody over an object, but still has the dominion and intent to exercise control. Mr. Calloway was not in a position to exercise dominion and control over the firearm, and this court has been clear that that is a determinative question in a constructive possession analysis. The firearm here was recovered in a public park across a creek, but it was removed from a situation where the firearm was found underneath a defendant's seat in a car or next to a defendant's feet. To hold that there is constructive possession here would broaden the scope of this court's precedent. I'm not saying I think this is the right test, but I wonder what you think of this. Actual possession, that's when a weapon's recovered from a defendant's person. Constructive possession, the weapon's recovered from an area where the defendant was in or known to be in. Yes, Your Honor. I would agree that actual possession comes from when a defendant has direct physical possession over an object. So, if that were the, and again, I'm not endorsing the test, but if that were the test, here we have a weapon that was recovered from the area that the defendant was known to be in. It wasn't recovered right off of the defendant's person, body. So, if this would be the test, then it sounds like this test would cut in the direction of constructive possession. No, Your Honor, because in this case, Mr. Callaway, when he allegedly threw the firearm across a creek, at that moment in time, he no longer has dominion and control over the firearm. And therefore, a constructive possession theory cannot be supported on this evidence. But even if this court were to find that the 404B evidence is admissible for a constructive possession theory, it should still be excluded on Rule 403 grounds. The government was clear that constructive possession was a fallback or alternate to its primary theory of actual possession. And the constructive possession theory had, at most, limited evidentiary support. The key reason why this evidence was so prejudicial was because it was overly broad. The government introduced that when Mr. Callaway was convicted of possessing a firearm in 2016, he had already been convicted of a crime with a penalty greater than one year. That prior act's evidence that he had already been convicted of the identical crime of being a felon in possession magnifies the risk of prejudice here and is irrelevant. Additionally, the final jury instructions here could not mitigate this prejudice, as they failed to specify that the prior act's evidence could only be used to demonstrate knowledge under a constructive possession theory, leaving open the possibility that the jury would use this evidence in convicting Mr. Callaway under an actual possession theory, which is foreclosed violent acts. Under either Rule 404B or Rule 403, this evidence was harmful. The sole evidence the jury knew of Mr. Callaway, outside the events of October 4, 2018, was that he had been convicted of the identical crime of being a felon in possession. The prejudicial impact of this prior act's evidence substantially outweighs its probative value, which, at most, was minimal. What do you think the gap is between an evidentiary ruling that if I were a district judge, I would have made different, and an evidentiary ruling that I would have made – that I would have made – I didn't say that very well. So you can imagine a district judge making an evidentiary ruling that you disagree with, but that it's within the range of discretion. And you can imagine a district judge making an evidentiary ruling that's so far out of the range of discretion that it is air. Why is this on the side of the line you want it to be? For two reasons, Your Honor. First, in light of this court's precedent in the United States v. Linares, under that case, if the evidence can only support actual possession, then Rule 404B evidence should be excluded. And even on 403 grounds, which does give the district court discretion, because the probative value of this prior act's evidence was so low, and that is why the prejudicial impact of it, given how identical it was, how recent it was, substantially outweighs the probative value. Turning to the Confrontation Clause. Before you do that, can you just address harmless error? I mean, you make a fair point under Linares, but the evidence was overwhelming. You've got his fingerprints on the gun established to a certainty. You've got police eyewitness testimony that he's dumping the gun in the woods. I mean, this is – this issue you're raising is just academic. Yes, Your Honor. The errors here would still be harmful for three reasons. First, as mentioned, the prejudicial impact of it. Second, this court assesses harmless error under a cumulative standard, and the impact of the prejudicial prior act's evidence must be viewed in addition to the fact that a key government witness was precluded from – and though there is substantial DNA evidence here, the DNA evidence lacks a temporal aspect in the sense that it doesn't specify when Mr. Callaway possessed the firearm, and the government does bear the burden of proving that he possessed it on the night of events in question on October 4th. So he's there at that time and place. He goes in the woods. He comes back. He finds the gun in the woods. His fingerprints are on it. That's not enough. In this case, Your Honor, in particular, because of the fact that there are two errors here under a cumulative standard – I'll let you come back. I understand the cumulative point, and if you win on the first argument, the one you're trying to get to, the case for harmlessness becomes more difficult. Just assume for now that we reject your cross-examination point. We're just thinking about harmlessness under one course. I'm just not seeing why this matters. Even still, Your Honor, if there is only one error in this case, this court must pay attention to the fact that it was highly prejudicial. It was identical. It was a recent and in conjunction. Maybe that's just positing that there was an abuse of discretion under 403, but there's always a separate harmless error analysis which turns on the other incriminating evidence in the case. Had there been some conclusive evidence, such as video evidence, of Mr. Callaway possessing the firearm? In that case, the error here would be harmless, but the DNA evidence here does lack that temporal aspect, and in light of that, it is still the government's burden to prove that Mr. Callaway possessed the firearm on October 4, 2018. Okay. I understand. You can go on to your other point. Briefly on the issue of the confrontation clause, the government never engages with the critical fact that Ms. Palmer's testimony was central to this trial because the DNA expert's testimony depended on the jury's assessment of Ms. Palmer's credibility and her motives for testifying in this case. The government stated in its pretrial motion on JA-49, if the issue of testimonial bias came up, Mr. Callaway would have a limited right to cross-examine about it, and the government did elicit testimony that Ms. Palmer was aware of the DFS's loss of accreditation, and that had no effect on her testimony in this case. In response to that, Mr. Callaway's questions only sought to determine whether Ms. Palmer's knowledge of the DFS's loss of accreditation and the reasons for it had any effect on her potential motive to lie, while testifying here. It's also important to note that what Ms. Palmer may have said and how this may have impacted the jury's impression of her credibility speaks to whether any error here was harmless. The error here would be the preclusion of cross-examination, and the government bears the burden of demonstrating harmless error. I see that my time has expired, and in light of the foregoing errors, this Court should reverse and remand. All right, we'll give you a couple minutes to reply. Thank you. Thank you. Mr. Hobell. May it please the Court, Mark Hobell for the United States. The District Court did not abuse its discretion in admitting 404B evidence of firearm possession, and it also did not abuse its discretion in limiting cross-examination of an evidence collection witness from DFS. What's the theory of relevance that doesn't involve a propensity inference? Knowledge and intent of the firearm through a constructive possession theory, as in Garner. How does that work on the facts? I mean, there's, as I said, pretty good evidence that he had actual possession. I don't see how the facts might support the conclusion that he had constructive but not actual possession. There's very good evidence that he had both actual and constructive possession. The jury was instructed on both actual and constructive possession without objection. What's the theory? What's the theory for constructive? Theory of constructive possession, I want to rewind the table a little bit from the gun. So let's start with the shots that are fired five minutes before Officer Jamison arrives on scene. There are four people, including Calloway. They are seen just minutes later standing essentially on top of the shelf that we know by stipulation were fired by this gun just a few minutes before. So you have the gun is found also in proximity to Calloway in the wooded area. So you have a group of people. You have somebody firing shots. There's no correct evidence that it's Calloway firing the shots. And in this case, we submit this is like Garner, in which the court recognized that the government had a heightened, in fact, a heightened requirement to prove dominion and control where there are multiple people on scene with access. And there is a potential defense of one of these other people had exclusive possession of the gun. I know that that was, in fact, the defense that Calloway put on by calling his friend, Kevin Bryant, was also there to say, I know that was my gun. Calloway never knew about it. So knowledge and intent of this gun was squarely at issue. And then even if you again sort of fast forward. Haven't you left out that Calloway ran to the creek? That's right. And that's where I'm going next. The next stage of this is when Officer Jamison shows up, he sees Calloway, the only one of the group, moving into the wooded area near where the gun is later found. Again, Garner, this court noted that Garner's movements towards the object in question, the gun in question, that supported a constructive possession here. So the jury could, a reasonable jury on these facts could find that one of the friends stashed the gun in the woods and then Calloway sort of knows this and is later going to get the gun? I think a reasonable jury could, I'm not sure I want to, it needs to go as far as fun. A reasonable jury just needs to entertain, it could entertain a reasonable doubt that it was Calloway that fired the gun. But it could find beyond a reasonable doubt that Calloway, standing with that group, his DNA all over the, I believe it was DNA, not fingerprints, it was DNA all over the gun magazine. Yeah, sorry. That Calloway knowingly exercised dominion and control at a time that he was not actually in possession of the gun. And again, it's just, the jury's just got to, you know, entertain a reasonable doubt as to who actually fired the gun. Now, as to the movements into the woods, that is evidence suggesting, again, evidence suggesting his connection, Calloway's connection to that gun, his knowledge of the gun, even if the jury, and the jury of course could reasonably infer he tossed the gun. But, you know, that is not, that is not, well, that is not the inference it had to draw in order to convict. In other words, this isn't like Linares in which the jury was forced into a disjunctive choice between actual possession or no possession at all. Constructive possession was very much on the table, the jury was instructed on it, and without objection from Calloway. And the defense that Calloway put on was that one of the people there with Calloway, Kevin Bryant, had exclusive possession of the gun, that Calloway didn't know of. And one thing I want to respond to from Calloway's reply brief as to Kevin Bryant, just the sequencing and when that information comes up. The relevant, I guess, error that they're alleging is the admission of the evidence. The evidence, 440 evidence is admitted at the end of the government's case. That morning is when the defense counsel shows up in the middle of the government's case and says, Your Honor, I have a defense witness who is going to, I just learned is going to claim that he had possession of the gun. It was his gun. So, you know, at the moment that the evidence is admitted, and I think Garner says specifically, we look at this from the, at the time the evidence was admitted. I know in Cassell, too, there was a similar issue where the district court revisited its pretrial ruling in light of the way the defense put on its case. So at the time the evidence is admitted, the district court is aware that the defense is going to call a witness who's going to claim exclusive possession of the gun. So knowledge and intent are just, you know, at the foreground. So rule 404B is a rule of admission. I have a couple of Confrontation Clause questions. I don't want to cut you off if you've got one last huge point you need to make. No, no, no. I was just going to point out that on 403 that we, it was substantially prohibitive. This court has noted this type of evidence is substantially prohibitive. Little prejudice given the limiting structure. With respect to Confrontation Clause issue. Let me ask mine. Yeah, I'm sorry. I'm very sorry. No. Is it conceivable that there could be a limit on cross-examination that does not violate the rules of that? But does violate the Confrontation Clause? I, you know, in the context of the testimonial, non-testimonial witness absent, that area of the Confrontation Clause, maybe yes. In the terms of how cross-examination is, in this other area of the Confrontation Clause, limiting cross-examination. I have a hard time seeing how you could, how the district court could not abuse its discretion under Rule 403, but still violate it. And I have a standard of review. Sorry. Go ahead. Standard of review question. Sometimes Confrontation Clause issues are reviewed de novo. Sometimes they're reviewed for abuse of discretion. I think you both agree it's abuse of discretion here. I think I agree it's abuse of discretion. But what is the line there when we review a Confrontation Clause question for de novo versus abuse of discretion? I think abuse of discretion encompasses legal error. So if the defense were alleging a legal error, I think it would be de novo. But here the defense is just essentially, I think, is somewhat conflating the 403 and the Confrontation Clause issues and saying the limits placed on cross-examination were just too stringent. I think that's a classic, you know, issue, a classic 403 issue is subject to abuse of discretion. And the district court has very, very broad discretion in this area. And I just know with respect to the DFS issue, you know, I think where the parties are actually in agreement is we're in agreement on a lot of facts here, which is that the misconduct of DFS had nothing to do personally with Katrina Palmer this witness, that she engaged in routine evidence collection, and that that slotting the gun for a dead magazine for DNA, and that's it, and that she performed that work in 2018 before the investigations that led to the accreditation loss at even a risk. And, of course, her report that she authored came into evidence documenting her work from that. So, you know, from the, you know, the district court did not abuse of discretion, allowing some limited cross on this issue, but in cutting it off before things went down a rabbit hole with DFS, the defense counsel. So unless there are any further questions, we would ask this court to adjourn. Thank you. Miss Mehta, why don't you take a minute? Thank you, Your Honors. In regard to the 404B issue, the government still has not pointed to a time. Mr. Callaway would have been in constructive possession of the firearm at a time when he was not allegedly an actual possession. Mr. Callaway did object to this issue at the motions hearing, which is sufficient to preserve this issue. Second, this court has been clear that the threshold level of cross-examination that must be allowed is cross-examination into witnesses' motives and bias. Here, the government did raise the issue of DFS's loss of accreditation on direct witness report. And perhaps if this issue had not come up, the abuse of discretion question would be closer, but the government opened the door to this issue. Third, the government does bear the burden of demonstrating harmless error in this case. And specifically, it must demonstrate that the error at hand did not have an effect on the verdict, not whether the evidence absent the error would have been sufficient. Finally, this court does consider harmless error under a cumulative standard viewed in the aggregate restriction of cross-examination in the admission of Rule 404B evidence was harmful. Mr. Callaway had a right to inquire into Ms. Palmer's motives and bias, and the jury should not have learned his prior conviction. We would ask this court to reverse and remand. Thank you. All right. Thank you, Ms. Netto. And you were appointed by the court to represent Mr. Callaway, and we thank you for your very able assistance. We thank the entire team.
judges: Henderson, Katsas, Walker